# KAUFMAN DOLOWICH
### Attorneys at Law

Kaufman Dolowich LLP
40 Exchange Place, 20th Floor
New York, New York 10005

Telephone: 212.485.9600
Facsimile: 212.485.9700

Stacey Pitcher
Stacey.Pitcher@kaufmandolowich.com

> The Order of Automatic Referral to Mediation (Doc. 20) is still in effect and has not been vacated or amended by any order of this Court.
>
> SO ORDERED.
>
> _[signature]_
>
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 5, 2025

December 4, 2025

*Via ECF*
The Honorable Philip M. Halpern
United States District Court Judge
United States District Court, Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   *Sanchez v. Metro One Loss Prevention Services Group (Guard Division NY), Inc. et al* Case No. 7:24-cv-06474-PMH

Dear Judge Halpern:

I represent Defendants Metro One Loss Prevention Services Group (Guard Division NY), Inc., Samuel Hopkins, and Scot Schroeder ("Defendants"). Defendants write to seek clarification regarding the parties' discovery obligations in light of the Court's Order referring this matter to mediation pursuant to the Standing Order for Mandatory Employment Discrimination Mediation (the "Standing Order") (ECF. No. 20) and the Court's subsequent order referring the parties to a settlement conference before Magistrate Judge Reznik (ECF No. 27). The settlement conference before Judge Reznik is presently scheduled for January 7, 2026.

The Standing Order states that the obligations under the Discovery Protocols for Counseled Employment Cases (the "Discovery Protocols") "supersede the parties obligations under Fed. R. Civ. P. 26(a)(1)." It does not appear that the Standing Order was rescinded or modified when the Court ordered the parties to participate in the settlement conference in lieu of proceeding with mediation.

Because the Standing Order was not rescinded, Defendants prepared and produced information and documents responsive to the Discovery Protocols. Plaintiff Jose Sanchez produced standard Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Defendants respectfully seek the Court's guidance on whether the parties must comply with the Discovery Protocols (in lieu of Initial Disclosures), in light of a settlement conference being scheduled instead of mediation.

      Defendants further note that the targeted information required by the Discovery Protocols would likely promote a more informed and productive settlement conference.  The principle that limited discovery prior to mediation assists in an early resolution of the case equally applies to the settlement conference in January.

      We appreciate the Court's consideration of this matter.

                                        Respectfully submitted,

                                        *Stacey Pitcher*

                                      Stacey L. Pitcher

cc:      All Counsel of Record (via ECF)