# KAUFMAN DOLOWICH

### Attorneys at Law

**Kaufman Dolowich LLP**
40 Exchange Place, 20th Floor
New York, New York 10005

Telephone: 212.485.9600
Facsimile: 212.485.9700

KaufmanDolowich.com

March 23, 2026

*VIA ECF*
The Honorable Philip M. Halpern
United States District Court, Southern District of New York

> Re:    *Sanchez v. Metro One Loss Prevention Services Group (Guard Division NY), Inc. et al*, Case No. 7:25-cv-06474-PMH

Dear Judge Halpern:

Defendants request a Pre-Motion Conference in advance of filing a Motion to Compel.

Defendants served Interrogatories and Document Requests on December 5, 2025. Plaintiff served objections and responses on January 5 and 6, 2026. Defendant sent a deficiency letter on February 16, 2026. Counsel held a meet and confer on March 2, 2026. Defendants also served Requests for Admission on February 4, 2026. Plaintiff served objections on March 5, 2026, but did not provide any responses. Counsel held a meet and confer regarding the admissions on March 12, 2026. Plaintiff served supplemental admission responses on March 17, 2026.

## I.    DEFENDANTS' POSITION

### A.  Interrogatories

Plaintiff has not provided his verification to the Interrogatories.

Int. 1, 3-7, 9-10, 14, 17 - Plaintiff identified multiple people, but did not provide contact information.

Int. 11 requests identification of all persons with whom he communicated over 5 days while Plaintiff was supposedly unable to work. Defendants are entitled to know the identity of those persons, so Defendants can depose them regarding Plaintiff's conduct and abilities during that time.

Int. 16 requests identification of all income since 7/19/24. Plaintiff agreed to provide W-2s, but has not. Also, the W-2s are insufficient as Plaintiff may have other income not reported on W-2s.

**B. Document Requests**

Requests 1-4, 13-15, 23, 27-30, 38: Plaintiff objected that they "seek information that is not in [his] possession, custody, or control." In response to others, Plaintiff confirmed he "has no responsive documents in his possession, custody, or control." It is unclear whether anything is being withheld.

Requests 13-15, 23, 27-30, 38 seek documents concerning allegations made by Plaintiff (e.g. that he reported discrimination to Schroeder and HR, Hopkins forced him to return to work earlier than his doctor advised, his shifts were covered while he was absent, and his termination). As each request directly relates to Plaintiff's allegations, they cannot be overbroad or unduly burdensome.

Requests 31 and 32 seek communications during a very limited period (7/15/24-7/19/24) regarding Plaintiff's health and/or Defendants. Plaintiff put his health at issue by using it as the rationale for his absence from work and a claim for failure to accommodate. These requests are limited in topical scope and to a narrow 5-day period and are not overbroad or burdensome.

Request 34 seeks Plaintiff's cellphone records and texts during a 5-day period. Whether and when the parties communicated is relevant to Defendants' defense that Plaintiff did not call out. Plaintiff agreed to provide the name of the carrier so the records could be subpoenaed, but has not done so.

Request 42 seeks communications between Plaintiff and any Metro One employee since 7/19/24. These are relevant as Plaintiff may have discussed his medical condition, absences from work, the end of his employment, or his claims of discrimination, failure to accommodate or retaliation.

Request 44 seeks all posts Plaintiff made on social media, from 7/1/19-present concerning his health and/or the emotional distress he claims. Plaintiff objected the request is overbroad, unduly burdensome, and vague as to the term "health." In response, Defendants defined "health." Plaintiff alleges disability discrimination and that he suffered emotional distress. Thus, any posts regarding his health or any such emotional distress are clearly relevant.

Requests 46 and 49 seek information related to Plaintiff's income from 2023 to the present. Plaintiff agreed to provide W-2 and 1099s at a "later time," but has not yet done so.

Request 50 seeks authorizations for Plaintiff's employers since 7/19/24. Plaintiff claims he had two jobs and increased his hours at his other job after his job with Metro One ended. Plaintiff must produce records evidencing the other job and pre-existing compensation. Defendants agree that consistent earnings from another job cannot be used as an offset. However, any increased compensation from his other job due to added hours, is a valid offset. Thus, Defendants are entitled to documents concerning Plaintiff's compensation, hours, attendance, and related documents. Finally, if Plaintiff worked elsewhere during the period he alleges he was unable to work, such documents bear on his credibility and the viability of his claims. Plaintiff agreed to provide an authorization, but has since rescinded; only agreeing to provide an authorization if several key requests are removed.

Request 55 seeks statements concerning the allegations. Plaintiff objected that "statement" was not defined. We provided a definition, but Plaintiff has not withdrawn the objection or responded.

### C. Admissions

Request 1 – Plaintiff refused to admit that he cannot identify the exact date on which each alleged discriminatory comment was made; instead claiming the comments were continuous.

Request 3 – When asked to admit that that no one other than Hopkins made **discriminatory** comments about him, Plaintiff said Hopkins was not the only person to make **comments** about him.

Requests 19, 21-70 asked Plaintiff to admit that he did not speak/email/text certain individuals on certain days. Plaintiff's responses that he communicated with them on other dates or via other means is non-responsive. Plaintiff claims other communication wasn't necessary after he called out once. Whether any further communication was needed is to be decided by the jury.

Requests 71-74 asked Plaintiff to admit he blocked Defendants' calls and texts. Plaintiff responded that he "made no attempt to block Hopkins or Schorder's calls, which is why he was able to speak with them over text and via phone conversations on July 15, 16, 17, and 21." This is non-responsive to the extent the requests refer to texts and the qualification is unnecessary and inaccurate.

Request 75 – Asked Plaintiff to admit that he did not mitigate his damages. Plaintiff, misstating the holding in *NLRB v. Ferguson Elec. Co.*, 242 F.3d 426, 433 (2d Cir. 2001), argued that Defendants cannot use the increased hours at his other job as an offset.  That is not the holding of the case and is nonsensical. Plaintiff cannot replace his income by working more hours at his other job, fail to mitigate his damages and still recover from Defendants.

## II.    PLAINTIFF'S POSITION

Int. 1, 3-7, 9-10, 14, 16,17 Doc Demand 34,46,49: Plaintiff is still searching for the information and hopes to locate and provide to Defendants on or before April 10, 2026.

Int. 11: asked Plaintiff to identify every person he spoke to from July 15 to 19, 2024. Identifying every person he spoke to in a 4-day period without any limitation is overbroad and unduly burdensome.

Req. 1-4, 13-15, 23, 27-30, 38: it is unclear what Defendant is seeking here, as Plaintiff has responded to certain demands that he has no responsive documents in his possession, custody, or control, or that various documents are in the possession, custody, or control of a third party.

Req. 31 and 32: Plaintiff will revise the response to Req. 31 to state that he produced all responsive documents in his custody, control, or possession. Req. 32 seeks every communication with anyone about "Defendants" between July 15 and 19, 2024. This demand is overbroad and vague.

Req. 42: sought every communication Plaintiff had with any employee of Defendant Metro since July 19, 2024, without any qualification. Demanding every conversation he ever had with any employee ever after July 19, 2024, is overbroad, unduly burdensome, and vague.

Req. 44: Sought all social media posts Plaintiff made from July 1, 2019 to the present concerning Plaintiff's health and/or emotional distress. This demand assumes facts not in evidence, namely, that Plaintiff has any social media accounts to compel.

Request 50: Plaintiff does not oppose giving Defendants an authorization for his past employment records. However, the authorization is overbroad because it asks a third party, his current employer, to release communications with him. Plaintiff cannot authorize the release of communication held by

a third-party corporation. If Defendants want communication, they must do so via a subpoena with notice, not through an employment authorization. Outside of communication requests included in the authorization, Plaintiff has no objection to signing the authorization.

Request 55: Asked Plaintiff to produce any statement by anyone about anything in the complaint. This is clearly overbroad and unduly burdensome.

Admissions 1,3,71-74: It is unclear what Defendant is seeking here, as those are Plaintiff responses. For example, 71-74 asked Plaintiff to admit that he blocked the individual defendants, and Plaintiff responded that, to his knowledge, he did not block any of the Defendants' calls and/or texts.

Admissions 19, 21-70: Plaintiff was asked to admit he did not communicate with Defendants between July 16 and July 26, 2024, to suggest he abandoned his job. Plaintiff objected, arguing that whether he spoke to Defendants on those dates is irrelevant since they knew or perceived he was disabled, needed time off, and had paid time off available under New York law. Defendants acknowledged receiving Plaintiff's text from urgent care on July 15, 2024, and that Hopkins confirmed via text that Plaintiff's shift was covered for July 16 and 17. Hopkins also admitted speaking with Plaintiff on July 17, during which he removed Plaintiff from the schedule—an adverse employment action. Hopkins further admitted Plaintiff tried to contact him on July 21, but he ignored the call, indicating Defendants terminated Plaintiff's employment, and Plaintiff did not abandon it.

Admission 75: Throughout his employment with Defendants, Plaintiff maintained two jobs, his second at a similar security company, where he has been working full-time since his termination.  The second circuit is perfectly clear when they said: "The rationale for this 'moonlighting exception' is that when an employee who has been discriminated against has a second job that he or she held or would have held in addition to the lost employment, 'earnings from such extra effort should operate to the advantage of the backpay claimant and not the employer.' *Birch Run Welding & Fabricating, Inc.*, 286 N.L.R.B. 1316, 1318 (1987), enforced, No. 88–5456, 860 F.2d 1080, 1988 WL 108178 (6th Cir. Sept.28, 1988); *N.L.R.B. v. Ferguson Elec. Co.*, 242 F.3d 426, 433 (2d Cir. 2001).

Respectfully submitted,

*Stacey Pitcher*

_____

Stacey L. Pitcher

cc:     All Counsel of Record (via ECF)