

Scott William Clark, Esq.
sclark@saccofillas.com
31-19 Newtown Avenue
Seventh Floor
Astoria, NY 11102

Tel: 718 746-3440
Direct: 718 269-1627
Direct Fax: 718 425-8968
www.saccofillas.com

**VIA ECF**
Honorable Philip M. Halpern
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

   *Re: Jose Sanchez v. Metro One Loss Prevention. et al -- 7:25-cv-006474*

Judge Halpern,

   I represent Plaintiff in the above action. Pursuant to Your Honor's Individual Practices, Plaintiff respectfully requests a Pre-Motion Conference in advance of filing a Motion to Compel Defendant Metro One's interrogatory responses. Metro One's Objections and Responses to Plaintiff's Interrogatories are attached hereto as Exhibit A).

**INTERROGATORY DEMANDS**

   Plaintiff contends the court should overrule the following objections to the interrogatories below on the grounds that: objections to any alleged undefined words are frivolous and do not raise any genuine dispute, as they are not based on a genuine legal dispute and are therefore not substantiated. See Coleman v. Dydula, 175 F.R.D. 177, 181 (W.D.N.Y. 1997):

**Interrogatory No. 1** – Asked Defendant to identify all persons who participated in or influenced the decision to terminate Plaintiff and state their role.

   **Defendants' Response:** Metro responded to this Interrogatory by providing the names of the responsive individuals. Metro responded while maintaining their objections, as it is unclear what Plaintiff means by "participated in" or "influenced" in this Interrogatory. These terms are subject to various interpretations and, as such, while Metro provided responsive

information as it understood the question, it did not waive their objection to the vagueness of the terms.

**Interrogatory No. 3** – Identify each communication between Defendants and Plaintiff relating to his medical leave, disability, or requests for accommodation.

**Defendants' Response:** Contrary to Plaintiff's assertion, Metro did not object that certain terms were not defined in response to this Interrogatory. Rather, Metro objected that it does not identify the disability or medical condition at issue. Plaintiff alleged that he suffered from various ailments during his tenure at Metro. Thus, it is unclear which particular ailment(s) would be responsive. Defendants should not have to guess as to the scope of what Plaintiff is requesting. Additionally, and more importantly, this Interrogatory is in violation of Local Rule 33.3(a).

Pursuant to Local Rule 33.3(a), interrogatories are limited to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." S.D.N.Y. Civ. R. 33.3(a). Courts in this district routinely enforce the subject matter limitations of Local Rule 33.3(a). *See Yang v. Fei,* 2025 WL 2294586, *7 (S.D.N.Y. Aug. 8, 2025) (holding that defendants need not further respond to interrogatories propounded by plaintiff where the interrogatives were 'inconsistent with Local Rule 33.3 insofar as they ask for more information than" permitted under the rule); *AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, 2025 WL 252673, *1 (S.D.N.Y. Jan. 21, 2025) (denying a motion to compel a response to improperly issued contention interrogatories which sought to test the defendant's argument "rather than identify information

that could not be obtained through another form of discovery"); *Dukuray v. Sensio, Inc.*, 2024 WL 3233892, *3 (S.D.N.Y. June 27, 2024)  (holding "any interrogatories propounded by either party in this case that are not in compliance Local Civil Rule 33.3(a) are hereby stricken and need not be responded to."). Plaintiff has made no effort to show how any of the Interrogatories he propounded are a "more practical method" of obtaining the requested information as opposed to a request for production or deposition as required under Local Rule 33.3(b).

Asking Defendants to identify all communications regarding certain topics violates Rule 33.3(a).  In addition, such a request is patently better suited for a request for production. In fact, Plaintiff asked Defendants to produce those very communications in Document Request No. 8 to Metro.

**Interrogatory No. 12** – Identify all individuals who supervised or evaluated Plaintiff during his employment.

**Defendants' Response:** Metro responded to this Interrogatory by providing the names of the responsive individuals.  Metro provided their response subject to their objection that "evaluated" was not defined and is vague and ambiguous.  Plaintiff could be referring to written evaluations or performance reviews, or Plaintiff could be referring to anyone who provided any feedback, informal or formal, verbal or written, positive or negative, at any point during this employment.  Again, Metro should not be left to guess what Plaintiff meant in this Interrogatory.

Plaintiff further contends that this court should overrule the following objections, as they do not violate local rule 33.3, as they seek names of witnesses with knowledge of information relevant

to the subject matter of the action, or the existence, custodian, location, and general description of relevant documents.

**Interrogatory No. 8** – Identify all communications with any person concerning Plaintiff's performance, attendance, or medical condition.

> **Defendants' Response:** This Interrogatory is in violation of Local Rule 33.3(a).  See argument above regarding Interrogatory No. 3.  It does not seek the names of witnesses or a general description of relevant documents.  Rather, it seeks a list of every communication concerning a particular topic.  This exceeds the scope allowed by Rule 33.3(a).  Such a request is patently better suited for a request for production. In fact, Plaintiff asked Defendants to produce those very communications in Document Request No. 9 to Metro.

> Metro also objected to this Interrogatory in that it sought identification of all communications concerning Plaintiff's performance, which can include every communication sent to or regarding Plaintiff.  As Plaintiff was not terminated for poor work performance, the "burden involved with searching for and producing every communication about his work outweighs any minimal probative value."  As such, this Interrogatory is overbroad and not proportional to the needs of this case.

**Interrogatory No. 19** – Identify any communications between Defendants and any third party, including accountants, clients, or government agencies) concerning Plaintiff's termination. (Defendant's contract with 3rd parties to provide security guards, 3rd Party contractors Plaintiff worked for are witnesses to Plaintiff's job performance, and disability, and any communications with them about the end of Plaintiff's employment are relevant and material and necessary to Plaintiff's claims of discrimination.)

**Defendants' Response:** This Interrogatory is in violation of Local Rule 33.3(a). See arguments above concerning Interrogatory Nos. 3 and 8.

**Interrogatory No. 23** – Identify the procedure and the individuals responsible for filling the fuel tanks for the onsite generator as referred to in paragraph 18 of Plaintiff's complaint. (Plaintiff claims Defendants didn't fill the fuel tank as part of the discrimination he was subjected to, and has produced evidence of the fuel tank not being filled, the individuals who were responsible for filling the fuel tanks are potential witnesses to Defendants' discrimination, and asking Defendants to identify the procedure is discoverable since it involves whether any relevant documents exist.)

**Defendants' Response:** To the extent this Interrogatory asks Defendants to identify a procedure, it is in violation of Local Rule 33.3(a). See argument above concerning Interrogatory No. 3. A description of the procedure for filling fuel tanks is better suited for a deposition of the Individual Defendants; depositions which have been noticed by Plaintiff. To the extent this Interrogatory seeks the identification of the individuals responsible, Defendants will supplement their response.

Plaintiff asks the court to overrule the following objections and order the Defendants to respond pursuant to Local Rule 33.3 (b)(1), as there is no more practical way of obtaining the information sought than an interrogatory demand, and based on the precedent that Title VII Plaintiffs are entitled to broader discovery than non-Title VII Plaintiffs; as the local rule needlessly limits the scope of discovery for a Title VII Plaintiff. Plaintiff only seeks to discover information that is relevant to Defendants' defense of their claims, so it may adequately prepare for the deposition of Defendants).

**Interrogatory No. 1** – Asked Defendant to identify all persons who participated in or influenced the decision to terminate Plaintiff and state their role. (The role of the individuals and whether they possess supervisory authority to end Plaintiff's employment is relevant and material and necessary to Plaintiff's claims, as these individuals are potential witnesses to Defendants' discrimination, including but not limited to whether Defendants consulted with their HR department before the end of Plaintiff's employment.)

> **Defendants' Response:** To the extent that Plaintiff now clarifies that the reference to "role" seeks the responsive individuals' titles, as opposed to a description of the role they played in the termination decision, Metro will supplement its response to this Interrogatory.

**Interrogatory No. 2** – State in detail each and every reason for Plaintiff's termination. (Defendants' alleged legitimate reasons for terminating Plaintiff's employment are crucial in a discrimination defense. *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 1973). Plaintiff needs to know any alleged legitimate reasons before deposing the Defendants; not knowing would prejudice the Plaintiff.)

> **Defendants' Response:** This Interrogatory is in violation of Local Rule 33.3(a). See argument above regarding Interrogatory No. 3. Metro identified the Individual Defendants as responsive to this Interrogatory. Plaintiff has already noticed the depositions of both individuals. Plaintiff can question them about the reasons for Plaintiff's termination at their depositions. Plaintiff is not invoking a recognized basis to depart from Local Rule 33.3(a). Instead, he is simply seeking a tactical preview of the testimony of Defendants before depositions. Plaintiff does not identify any inadequacy with depositions or any issue with the practicality of depositions for obtaining the requested information. Plaintiff's strategic desire to obtain Defendants' full

factual contentions in advance of depositions is not a basis to disregard the limitations of Rule 33.3(a).

**Interrogatory No. 14** – Identify any financial or operational hardships Defendants claim would have resulted from granting Plaintiff medical leave. (Similar to Defendant's legitimate reason for termination, financial or operational hardship can defend against an employer's failure to accommodate. Plaintiff cannot adequately prepare for its depositions of the Defendants without first knowing if Defendants' claim accommodating Plaintiff would cause undue hardship before deposing them, as it would prejudice Plaintiff and his claims.)

**Defendants' Response:** This Interrogatory is in violation of Local Rule 33.3(a). See argument above regarding Interrogatory Nos. 2 and 3.

Dated: April 24, 2026
      Astoria, New York

SACCO & FILLAS, LLP

*Scott William Clark*

———————————————————
Scott William Clark Esq.
3119 Newtown Ave
Astoria, New York 11102
Tel: 718- 269-1627
sclark@SaccoFillas.com