# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE SANCHEZ,

                    Plaintiff,

        -against-

METRO ONE LOSS PREVENTION
SERVICES GROUP (GUARD DIVISION
NY), INC., SAMUEL HOPKINS, and SCOTT
SCHROEDER,

                    Defendants.

Case No: 7:25-cv-06474-PMH

**METRO ONE'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST
SET OF INTERROGATORIES**

        Defendant Metro One Loss Prevention Services Group ("Metro") hereby objects and responds to Plaintiff Jose Sanchez's ("Plaintiff") First Set of Interrogatories.

## INSTRUCTIONS

        A.     Furnish under oath all information in your possession or available to you, including information held by your attorneys.

**OBJECTION:**     Metro objects to this instruction as it violates the attorney-client privilege and work-product doctrine.

        B.     Each Interrogatory shall be separately answered.

        C.     Provide estimates if precise data is unavailable.

        D.     State the source(s) of each answer unless the signer has personal knowledge.

**OBJECTION:**     Metro objects to this instruction as it violates the attorney-client privilege and work-product doctrine and seeks to force counsel to reveal their mental impressions and strategies.

        E.     These Interrogatories are continuing; supplement responses if new or different information is obtained.

        F.     When describing acts or events, include:

            1.  Date;

    2.   Place;

    3.   Participants;

    4.   On whose behalf each person acted;

    5.   Nature, subject matter, and circumstances;

    6.   Substance of communications;

    7.   Identify related documents.

    8.   Singular includes plural and vice versa.

G.     Singular includes plural and vice versa.

H.     If objecting, provide all non-objectionable information, explain the basis for objection, and state what can be answered without undue burden.

## **DEFINITIONS**

I.     **You/Your"** means the person(s) or business entity to whom these Interrogatories are directed.

J.     "Defendants" means Martin J. Finkle and Martin J. Finkle Tax and Business Management, their agents, employees, attorneys, and representatives.

**OBJECTION:**    To the extent this definition is inclusive of information that is protected by attorney-client privilege or the work product doctrine, it is overbroad and inappropriate. Metro also objects that it does not know Martin J. Finkle and/or Martin J. Finkle Tax and Business Management.

K.     **"Plaintiff"** means Norman Kiell.

**OBJECTION:**    Metro also objects that it does not know Norman Kiell.

L.     **"Document"** means all printed, recorded, or electronic items, including emails, texts, reports, memoranda, notes, agreements, calendars, invoices, receipts, and drafts.

M.     **"Referring/Relating to"** means connected with, describing, evidencing, or otherwise having relation.

N.     **"Complaint"** means the Complaint filed in this action.

O.     **"Identify (person)"** means state full name, last known address, and employer.

P.    **"Identify (document)"** means state type, subject matter, date, author(s), addressee(s), and recipient(s).

Q.    **"Person"** means any natural person, business, or governmental entity.

R.    **"Concerning"** means relating to, describing, evidencing, or constituting.

S.    **"All/Each"** means all and each.

T.    **"And/Or"** shall be construed conjunctively or disjunctively as needed.

U.    **"Communications/Correspondence"** means any oral or written transfer of information, including electronic transmissions.

V.    **"Relevant Time Period"** means May 10, 2021 through the present.

## INTERROGATORIES

1.    Identify all persons who participated in or influenced the decision to terminate Plaintiff, and state their role.

**OBJECTION:**    Metro objects to this Interrogatory as vague and ambiguous in that the terms "participated in" and "influenced" are not defined. Also, to the extent this Interrogatory requests that Metro "state their role," it seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

**RESPONSE:**    Subject to and without waiving the foregoing Objections, the following individuals were involved in reaching the conclusion that Plaintiff had abandoned his position:

a.  Scot Schroeder
b.  Samuel Hopkins

2.    State in detail each and every reason for Plaintiff's termination.

**OBJECTION:**    This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

3.      Identify each communication between Defendants and Plaintiff relating to his medical leave, disability, or requests for accommodation.

**OBJECTION:**      Metro objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible and constitutes an impermissible fishing expedition. This Interrogatory is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue. This Interrogatory also seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

4.      Identify all policies or procedures in effect at the time regarding disability accommodation and employee medical leave.

**OBJECTION:**      This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

5.      State whether Defendants engaged in any "interactive process" with Plaintiff regarding his medical leave, and describe it.

**OBJECTION:**      This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

6.      Identify all employees of Defendants, with any information identifying any employee redacted, who took medical leave or requested accommodations from 2019 to 2025, and describe how their requests were handled.

**OBJECTION:**      Metro objects to this Interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible. Also, merely redacting the names is not sufficient to protect the privacy interests of the responsive employees. Lastly, to the extent this Interrogatory seeks a description of how their requests were handled, it seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

7. Identify all complaints of discrimination, retaliation, or failure to accommodate made against Defendants in the past 5 years.

**OBJECTION:** Metro objects to this Interrogatory as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible. It also seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

8. Identify all communications with any person concerning Plaintiff's performance, attendance, or medical condition.

**OBJECTION:** This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

9. Identify all documents reviewed in preparing responses to these interrogatories.

**OBJECTION:** Metro objects to this Interrogatory as it violates the attorney-client privilege and work-product doctrine and seeks to force counsel to reveal their mental impressions and strategies.

10. State whether Defendants contend Plaintiff voluntarily abandoned his position, and if so, set forth the basis for that claim.

**OBJECTION:** This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

11. State Defendants' alleged legitimate reasons for terminating Plaintiff's employment.

**OBJECTION:** This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

12.     Identify all individuals who supervised or evaluated Plaintiff during his employment.

**OBJECTION:**     Metro objects to this Interrogatory as vague and ambiguous in that the term "evaluated" is not defined.

**RESPONSE:**     Subject to and without waiving the foregoing Objections, the following individuals supervised Plaintiff during his employment:

a. Sharon Illge
b. Joshua Davenport
c. Samuel Hopkins

13.     Identify all performance reviews, warnings, or evaluations given to Plaintiff.

**OBJECTION:**     This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

14.     Identify any financial or operational hardships Defendants claim would have resulted from granting Plaintiff medical leave.

**OBJECTION:**     This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

15.     State whether Defendants maintain that Plaintiff was given notice of termination, and describe the manner in which such notice was given.

**OBJECTION:**     This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

16.     Identify each affirmative defense raised in Defendants' Answer and provide all facts supporting each.

**OBJECTION:**     This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

17.     Identify all individuals with knowledge of Plaintiff's employment, leave, or termination.

**OBJECTION:**      This Interrogatory is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible and constitutes an impermissible fishing expedition.

**RESPONSE:**      Subject to and without waiving the foregoing Objections, the following individuals have knowledge regarding Plaintiff's leave in July 2024 and the abandonment of his job:

    a.  Scot Schroeder
    b.  Samuel Hopkins

18.     State whether Defendants carried EPLI (employment practices liability insurance) or other insurance covering Plaintiff's claims.

**OBJECTION:**      To the extent this Interrogatory seeks identification of insurance "covering Plaintiff's claims," as opposed to insurance that "may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment," it is overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**      Subject to the foregoing Objections, Metro maintains insurance coverage which may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

19.     Identify any communications between Defendants and any third party (including accountants, clients, or government agencies) concerning Plaintiff's termination.

**OBJECTION:**      This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

20.     State whether Defendants claim Plaintiff failed to provide sufficient medical documentation, and describe what documentation was allegedly lacking.

**OBJECTION:**      Metro objects to this Interrogatory as vague and ambiguous in that the phrase "sufficient medical documentation" is not defined. This Interrogatory also seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

21.     Identify any written protocols for progressive discipline and whether they were applied to Plaintiff.

**OBJECTION:**      Metro objects to this Interrogatory as vague and ambiguous in that the terms "written protocols" and "progressive discipline" are not defined. Also, to the extent this Interrogatory asks whether they were applied to Plaintiff, it

seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

22.     State whether Defendants contend that Plaintiff's injury impaired his ability to perform essential job functions and provide the basis for such contention.

**OBJECTION:**          This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

23.     Identify the procedure and the individuals responsible for filling the fuel tanks for the on-site generator as referred to in paragraph 18 of Plaintiff's complaint.

**OBJECTION:**          This Interrogatory seeks information beyond the scope of what is permitted Local Civil Rule 33.3 and is thus impermissible.

24.     Identify whether Plaintiff worked alone at the location that required the on-site generator to be filled, as referred to in paragraph 18 of Plaintiff's complaint.

**OBJECTION:**          This Interrogatory seeks information beyond the scope of what is permitted by Local Civil Rule 33.3 and is thus impermissible.

Dated: New York, New York
       January 30, 2026

KAUFMAN DOLOWICH LLP

*/s/ Stacey L. Pitcher*
Stacey L. Pitcher, Esq.
40 Exchange Place, 20th Floor
New York, NY 10005
Ph: (212) 485-9700
stacey.pitcher@kaufmandolowich.com
Attorney for Defendants

**VERIFICATION**

I, Sandra Troesch, on behalf of defendant Metro One Loss Prevention Services Group, do solemnly declare and affirm under penalty of perjury that the foregoing Metro One's Objections Responses to Plaintiff's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief and that I am executing this statement within the United States

January 30, 2026

Signed by:

529912570CAC47E...

Sandra Troesch