Page 1

**VIA ECF**
Honorable Philip M. Halpern
The Hon. Charles L. Brieant J
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      *Re: Jose Sanchez v. Metro One Loss Prevention. et al -- 7:25-cv-006474*

Judge Halpern,

      I represent Plaintiff in the above action. Pursuant to Your Honor's Individual Practices,

Plaintiff respectfully requests a Pre-Motion Conference in advance of filing a Motion to Compel

Defendant Metro One's document responses.  (Relevant Excerpts from Defendants' Objections

and Responses to Plaintiff's Document Requests are attached hereto as Exhibit A)[1].

## DOCUMENT DEMANDS

**Document Request to Metro One No. 1 – 3** – Sought the complete personnel file for Plaintiff,

and the individually named Defendants, including their application, hiring documents, payroll

records, benefits information, disciplinary records, evaluations, and termination documents.

      **Defendants' Response:** Defendants produced Plaintiff's personnel file in response to

      Request 1 at DEFS 20-32. However, Defendants maintain that terms "benefits

      information," "disciplinary records," and "evaluations" are vague and ambiguous as they

      were not defined by the Plaintiff.  Benefits information could refer to any email received

      by the Plaintiff regarding the availability of Metro One benefits.  Disciplinary records could

      refer to any time the Plaintiff received an admonishment regarding his uniform, tardiness

---

[1] Exhibit A includes excerpts from the objections and responses to the document requests propounded to Metro and Hopkins as  the relevant objections and responses by Hopkins are identical to the relevant objections and responses made by Schroeder.

or any other issue irrelevant to this matter. Similarly, evaluations could refer to any communication that in any way relates to Plaintiff's job duties or performance.

There is no basis for the production of Hopkins' and Schroeder's entire personnel files, which likely contain sensitive information regarding their pay, benefits, contact information, family members, etc. In support of this request, Plaintiff cites only to dicta from one Western District decision from 1997. *Sidari v. Orleans Cnty.*, 180 F.R.D. 226, 232 (W.D.N.Y. 1997). That decision merely approves an earlier unpublished decision. Without that earlier decision, we have no information regarding the Court's rationale for production of the personnel files.

Following the meet and confer, Defendants submitted supplemental objections, on March 17, 2026, which provided Defendants' rationale for their previously articulated objections that Plaintiff's requests were overly broad or unduly burdensome. (Relevant Excerpts from Defendants' Supplemental Objections are attached hereto as Exhibit B)[2]. In response to the Requests 2 and 3, Defendants acknowledged that while certain categories of documents, such as "performance evaluations, employee discipline or termination records, related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations" could be relevant, the request for the production of the entire personnel files was a fishing expedition. Plaintiff made no response to Defendants' supplemental objections. Following our conference with the Court on April 20, 2026, counsel for Defendants emailed Plaintiff's counsel to inquire if he would meet and confer to discuss the supplemental objections. Counsel for Plaintiff's refused to meet and confer.

---

[2] As with Exhibit A, Exhibit B includes the supplemental objections propounded by Metro and Hopkins as the supplemental objections for Hopkins are identical to those made on behalf of Schroeder.

Page 3

Counsel for Defendants responded providing concrete examples of how a discussion could help narrow the issues to be decided by the Court.  Plaintiff's counsel ignored this request.

In the event that the Court decides that Defendants are required to produce the personnel files of Hopkins and Schroeder, Defendants respectfully request that production be made subject to the entry of a confidentiality agreement.

**Document Request to Metro One Nos. 6 & 7** – Plaintiffs' sixth document demand sought all written or electronic warnings, complaints, or disciplinary actions concerning Schroeder and Hopkins.

**Defendants' Response:**  A request for all warnings, complaints and disciplinary actions concerning Schroeder and Hopkins with no other topical scope is patently overbroad. These requests should be limited to warnings, complaints and disciplinary actions relating to "discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations." Whether Hopkins or Schroeder were subject to discipline in areas unrelated to the allegations made by Plaintiff has no bearing on his case.  Again, the Defendants offered to meet with Plaintiff to discuss Defendants' objections and potentially narrow these Requests, but Plaintiff declined to do so.

**Document Request to Hopkins and Schroeder No. 1-3** – Plaintiffs' requests sought various items related to Hopkins/Schroeder's personnel file: (1) including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents; (2) performance reviews, evaluations, or assessments; and (3) written or electronic warnings, complaints, or disciplinary actions.

Plaintiff asked the court to overrule the objections to Defendant's demands for Plaintiff's and the individual Defendants, as any alleged undefined words are frivolous and do not raise any

genuine dispute, as they are not based on a genuine legal dispute and are therefore not substantiated.  See Coleman v. Dydula, 175 F.R.D. 177, 181 (W.D.N.Y. 1997), and that as parties to the suit, Defendant Hopkins and Schroder's employment records are relevant and material and necessary to Plaintiff's claims of discrimination. See Sidari v. Orleans Cnty., 180 F.R.D. 226, 232 (W.D.N.Y. 1997) (Ordering the production of the personnel files of 5 Sheriff's Department employees who were named Defendants in an employment discrimination claim).

> **Defendants' Response:** A request for the wholesale production of Hopkins' and Schroeder's personnel files is overbroad and not proportional to the needs of the case.  See argument related to Document Request 1-3 to Metro One.

**Document Request to Metro One No. 10**– Plaintiffs' tenth document demand sought Any Email message sent by or received by Defendants or their agents where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between the commencement of Plaintiff's employment, and July 31, 2024.

> **Defendants' Response:**  As set forth in Defendants' supplemental objections, a request for every communication "that merely mentions Plaintiff, with no topical scope, and for the entire duration of Plaintiff's employment" is overbroad and unduly burdensome. The allegations asserted by Plaintiff are based on conduct that occurred in 2024. There is no basis for Defendants to undertake the burdensome task of searching for, compiling, and reviewing every single email that refers to Plaintiff, over the entire duration of his employment, without regard for topical scope.  This is the very definition of a fishing expedition.

**Document Request to Hopkins and Schroeder No. 5**– Plaintiffs' fifth document demand sought Any Email message sent by or received by Hopkins/Schroeder's where Plaintiff is referred to either

Page 5

in the subject or body of the message, either by name, email address, or any other means of employee identification, between the commencement of Plaintiff's employment, and July 31, 2024.

Requiring the Defendants to produce these emails is not unduly burdensome or overbroad, as this type of search is a common practice performed daily by many attorneys and is included in every ESI request. If this search is overbroad, then every ESI search request ever sought is overbroad. Furthermore, Plaintiff was employed by Defendant Metro One only from July 2021 to 2024, so the request dates back only five years, and any email in which he is mentioned is relevant, material, and necessary for Plaintiff to show that but for Plaintiff's disability, Defendants would not have terminated his employment.

**Defendants' Response:**  As with the request to Metro One, a request for all emails that merely mention Plaintiff is overbroad, unduly burdensome, not reasonably calculated and constitutes an impermissible fishing expedition. Plaintiff inexplicably argues that if this search is overbroad, then every ESI search request ever sought is overbroad. That argument borders on the absurd; as the reasonableness of a search depends on the search itself.  In *Raine Grp. LLC v. Reign Cap., LLC*, 2022 WL 538336, *3 (S.D.N.Y. Feb. 22, 2022), the Court in discussing the reasonableness of proposed search parameters stated that

> Search terms, while helpful, must be carefully crafted. Poorly crafted terms may return thousands of irrelevant documents and increase, rather than minimize the burden of locating relevant and responsive ESI…Broad, general search terms such as the ones the parties are using are typically not sufficiently targeted to find relevant documents. Modifiers are often needed to hone in on truly relevant documents.

In *Zhulinska v. Niyazov L. Grp., P.C.*, 2021 WL 5281115, *5 (E.D.N.Y. Nov. 12, 2021), the court said that it would not require to defendants "to cull every email in which plaintiffs' names appear during the relevant time period apart from those transmitted on 18

key dates" and held that the broad search terms that where proposed by the plaintiff "are not proportional to plaintiffs' need to search for information regarding plaintiffs' employment relationship" with defendants.  It is apparent that the relevant analysis that New York courts engage in when discussing the propriety of ESI is the reasonableness of search parameters and *not* whether unguided searches for all communications in which a party is merely mentioned.

**Document Request to Metro One No. 16-21** -- Plaintiff's demands Nos. 16-21 sought any text, WhatsApp or any social media messages, not limited to Facebook, either sent or received by Defendants Schroeder or Hopkins between June 1, 2024, and July 31, 2024, where the Plaintiff is referred to either by name, email address, or any other means of employee identification.

> **Defendants' Response:**  These Requests, like Request 10 to Metro, seek any mention of Plaintiff's name, with no topical scope, across different mediums and are thus overbroad. Additionally, Plaintiff misleadingly states that these Requests are limited in time from June 1, 2024 to July 31, 2024.  Only Requests 18-21, which seek WhatsApp or social media messages, have this date limitation.  Requests 16 and 17, which seek text messages, have no such limitation.

**Document Request to Hopkins and Schroeder Nos. 9, 10, & 11**– Plaintiffs' requests sought any text, WhatsApp, or social media message sent by or received by Hopkins/Schroeder where Plaintiff is referred to either by name, email address, or any other means of employee identification between May 1, 2024, and July 31, 2024.

> Plaintiff's demand is not unduly burdensome or overbroad, as it is narrowly tailored to request messages in the two months immediately before Plaintiff's termination, which

Page 7

encompasses the time of his eye injury, his complaint about his treatment based on his national origin, and his need to take off for his Hernia.

**Defendants' Response:** These Requests, like the foregoing, seek any mention of Plaintiff's name, with no topical scope, across different mediums and are thus overbroad.

**Document Request No. 12** – sought the complete text message conversation history between Hopkins and Schroeder between May 1, 2024, and July 31, 2024.

Defendants objected to this demand as overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In response, as part of his deficiency response, Plaintiff revised the demand as follows: The complete text message conversation history between Hopkins and Schroeder from July 15, 2024 to July 26, 2024. Plaintiff's demand is narrowly tailored only to request messages in the 10 days at issue in the case, that being from July 15, 2024, when Plaintiff first requested leave for his hernia, including and through his termination

**Defendants' Response:**  Plaintiff states that he revised this Request to seek the complete text message history between Hopkins and Schroeder from July 15, 2024 to July 26, 2024. As an initial matter, Plaintiff has never served any revised requests.  Additionally, even with this revised timeline, Defendants maintain their objection that a Request for "every text message between two people, with no topical scope" is overbroad and not proportional to the needs of the case.

Dated: April 24, 2026
       Astoria, New York

SACCO & FILLAS, LLP

*Scott William Clark*
_____
Scott William Clark Esq.
3119 Newtown Ave
Astoria, New York 11102
Tel: 718- 269-1627

sclark@SaccoFillas.com