# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE SANCHEZ,

          Plaintiff,

-against-

METRO ONE LOSS PREVENTION
SERVICES GROUP (GUARD DIVISION
NY), INC., SAMUEL HOPKINS, and SCOTT
SCHROEDER,

          Defendants.

Case No: 7:25-cv-06474-PMH

**METRO ONE'S OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR THE PRODUCTION OF
DOCUMENTS**

Defendant Metro One Loss Prevention Services Group ("Metro") hereby objects and responds to Plaintiff Jose Sanchez's ("Plaintiff") First Request for the Production of Documents.

**INSTRUCTIONS**

The following instructions are applicable to each request herein:

1.  **ORIGINAL DOCUMENTS**

Produce originals, not copies, of the documents requested. Furnish all documents known or available to you, whether held directly by you or by your agents, employees, representatives, investigators, partners, or attorneys. This includes documents within your dominion or control, or held on your behalf, and not merely such documents as are known to you of your own personal knowledge.

**OBJECTION:**      To the extent this instruction is inclusive of documents that are protected by attorney-client privilege or the work product doctrine, it is overbroad and inappropriate.

L. "Person" means any natural person, business, legal, or governmental entity or association.

M. "All" and "Each" shall be construed as all and each.

N. "And" and "Or" shall be construed both disjunctively and conjunctively to bring within scope all responsive documents.

## DOCUMENT REQUESTS

1. Plaintiff's complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents.

**OBJECTION:** Metro objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and evaluations" are not defined.

**RESPONSE:** Subject to and without waiving the foregoing Objections, produced.

2. Schroeder's complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents.

**OBJECTION:** Metro objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and "evaluations" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

3. Hopkins' complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents

**OBJECTION:** Metro objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and "evaluations" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

4.      All performance reviews, evaluations, or assessments of Plaintiff.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "evaluations" and "assessments" are not defined.

**RESPONSE:**      Subject to and without waiving the foregoing Objections, none.

5.      All written or electronic warnings, complaints, or disciplinary actions concerning Plaintiff.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined.

**RESPONSE:**      Subject to and without waiving the foregoing Objections, none.

6.      All written or electronic warnings, complaints, or disciplinary actions concerning Schroeder.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

7.      All written or electronic warnings, complaints, or disciplinary actions concerning Hopkins.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

8.      All communications between Defendants and Plaintiff regarding Plaintiff's medical condition, disability, leave, or requests for accommodation.

**OBJECTION:**      Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible, not proportional to the needs of the case and constitutes an impermissible fishing expedition. It is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue.

**RESPONSE:**      Subject to and without waiving the foregoing Objections, communications regarding Plaintiff's medical condition and leave in July of 2024.

9.      All internal communications among Defendants' officers, employees, or agents relating to Plaintiff's medical condition, leave, performance, or termination.

**OBJECTION:**      Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible, not proportional to the needs of the case and constitutes an impermissible fishing expedition. It is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue and the term "performance" is not defined.

**RESPONSE:**      Subject to and without waiving the foregoing Objections, communications regarding Plaintiff's medical condition and leave in July of 2024 and Plaintiff's abandonment of his job are produced.

10.      Any Email message sent by or received by Defendants or their agents where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between the commencement of Plaintiff's employment, and July 31, 2024.

**OBJECTION:**      Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

16.    Any text message sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, for the duration of Plaintiff's employment.

**OBJECTION:**    Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

17.    Any text message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, for the duration of Plaintiff's employment.

**OBJECTION:**    Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

18.    Any WhatsApp message sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**    Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

19.    Any WhatsApp message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**    Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

20.    Any social media messages, including but not limited to Facebook, or any other social media messaging app, sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**    Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

21.    Any social media messages, including but not limited to Facebook, or any other social media messaging app, sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**    Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

22.    All notes, memoranda, text messages, or recordings of conversations with Plaintiff concerning his employment, medical condition, leave, or termination.

**OBJECTION:**    Metro objects to this Request as vague and ambiguous in that the terms "medical condition" and "leave" are not defined.  To the extent it seeks documents concerning Plaintiff's employment it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

**RESPONSE:**    Subject to and without waiving the foregoing Objections, documents regarding Plaintiff's medical condition and leave in July of 2024, and Plaintiff's abandonment of his job are produced.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE SANCHEZ,

                Plaintiff,

       -against-

METRO ONE LOSS PREVENTION
SERVICES GROUP (GUARD DIVISION
NY), INC., SAMUEL HOPKINS, and SCOTT
SCHROEDER,

                Defendants.

Case No: 7:25-cv-06474-PMH

**HOPKINS' OBJECTIONS AND
RESPONSES TO PLAINTIFF'S FIRST
REQUEST FOR THE PRODUCTION OF
DOCUMENTS**

Defendant Samuel Hopkins ("Hopkins") hereby objects and responds to Plaintiff Jose Sanchez's ("Plaintiff") First Request for the Production of Documents.

## INSTRUCTIONS

The following instructions are applicable to each request herein:

### 1. ORIGINAL DOCUMENTS

Produce originals, not copies, of the documents requested. Furnish all documents known or available to you, whether held directly by you or by your agents, employees, representatives, investigators, partners, or attorneys. This includes documents within your dominion or control, or held on your behalf, and not merely such documents as are known to you of your own personal knowledge.

**OBJECTION:**    To the extent this instruction is inclusive of documents that are protected by attorney-client privilege or the work product doctrine, it is overbroad and inappropriate.

M.  "All" and "Each" shall be construed as all and each.

N.  "And" and "Or" shall be construed both disjunctively and conjunctively to bring within scope all responsive documents.

## DOCUMENT REQUESTS

1.  Hopkins' complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents.

**OBJECTION:**  Hopkins objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and "evaluations" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

2.  All performance reviews, evaluations, or assessments of Hopkins.

**OBJECTION:**  Hopkins objects to this Request as vague and ambiguous as the terms "evaluations" and "assessments" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

3.  All written or electronic warnings, complaints, or disciplinary actions concerning Hopkins.

**OBJECTION:**  Hopkins objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

4.  All communications between Hopkins and Plaintiff regarding Plaintiff's medical condition, disability, leave, or accommodation requests.

**OBJECTION:**  Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible, not proportional to the needs of the case and constitutes an impermissible

fishing expedition. It is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue.

**RESPONSE:**     Subject to and without waiving the foregoing Objections, communications regarding Plaintiff's medical condition and leave in July of 2024.

5.     All internal communications between Defendants' officers, employees, or agents and Hopkins relating to Plaintiff's medical condition, leave, performance, or termination.

**OBJECTION:**     Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible, not proportional to the needs of the case and constitutes an impermissible fishing expedition. It is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue.

**RESPONSE:**     Subject to and without waiving the foregoing Objections, communications regarding Plaintiff's medical condition and leave in July of 2024 and Plaintiff's abandonment of his job are produced.

6.     Any Email message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between the commencement of Plaintiff's employment, and July 31, 2024.

**OBJECTION:**     Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

7.     Any email sent by or received by Hopkins discussing Plaintiff's absence between May 1, 2024, and July 31, 2024.

**OBJECTION:**     Hopkins objects to this Request as vague, ambiguous and overbroad as the phrase "Plaintiff's absence" is not defined.

8.     Any email sent by or received by Hopkins discussing Plaintiff's work performance for the duration of his employment.

**OBJECTION:** Hopkins objects to this Request as vague and ambiguous as the phrase "work performance" is not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case.

**RESPONSE:** Subject to and without waiving the foregoing Objections, none.

9.      Any text message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between May 1, 2024, and July 31, 2024.

**OBJECTION:** Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

10.      Any WhatsApp message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between May 1, 2024, and July 31, 2024.

**OBJECTION:** Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

11.      Any social media messages, including but not limited to Facebook, or any other social media messaging app, sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between May 1, 2024, and July 31, 2024.

**OBJECTION:** Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

12.      The complete text message conversation history between Hopkins and Schroeder between May 1, 2024, and July 31, 2024.

**OBJECTION:**     Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

Dated: New York, New York
       January 30, 2026

                                   KAUFMAN DOLOWICH LLP

                                   _/s/ Stacey L. Pitcher_
                                   Stacey L. Pitcher, Esq.
                                   40 Exchange Place, 20th Floor
                                   New York, NY 10005
                                   Ph: (212) 485-9700
                                   stacey.pitcher@kaufmandolowich.com
                                   Attorney for Defendants