Message
_____

**From:**      Anthony Kim [/O=EXCHANGELABS/OU=EXCHANGE ADMINISTRATIVE GROUP
               (FYDIBOHF23SPDLT)/CN=RECIPIENTS/CN=DD26F331D9BB4CFABBC3D8CB00CF29F9-ANTHONY KIM]
**Sent:**      7/19/2022 12:50:08 AM
**To:**        Anthony Kim [anthony.kim@relieftherapeutics.com]
**Subject:**   meeting with Jack


Today, I met with Jack and shared the following feedback with him:
- At last week's offsite in NYC, some of the women (specifically, more than one) were uncomfortable with Jack's hugs and physical contact
- While they respect him and understand that his intentions were positive, his actions encroached into their personal space
- They were not necessarily offended, but they were uncomfortable
- It's important that we have a work environment where everyone feels comfortable around each other – we are a small company with a family-like environment

Jack tried to think of who had felt uncomfortable and I said that it wasn't important to figure out where the feedback came from. He accepted responsibility for his actions and agreed that it's important to maintain a positive working environment.

I recommended that he refrain from hugs, kisses, and comments about our female team members. He asked "Should I just shake hands?" And I said yes.

He asked that I communicate to the women who had provided feedback that he was sorry for his actions, and that they won't happen again. He emphasized the need to communicate that feedback was provided to him and that he accepted and understood the feedback.

RLF 000724

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE SANCHEZ,

        Plaintiff,

     -against-

METRO ONE LOSS PREVENTION
SERVICES GROUP (GUARD DIVISION
NY), INC., SAMUEL HOPKINS, and SCOTT
SCHROEDER,

        Defendants.

Case No: 7:25-cv-06474-PMH

**METRO ONE'S SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

    Defendant Metro One Loss Prevention Services Group ("Metro") hereby supplements its objections to Plaintiff Jose Sanchez's ("Plaintiff") First Request for the Production of Documents.

## DOCUMENT REQUESTS

    1.   Plaintiff's complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents.

**OBJECTION:**    Metro objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and evaluations" are not defined.

    2.   Schroeder's complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents.

**OBJECTION:**    Metro objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and "evaluations" are not defined. In addition, while certain categories of documents, such as performance evaluations, employee discipline or termination records, related to discrimination, harassment, retaliation, denial of medical leave or

reasonable accommodations by Schroeder, could be relevant, a wholesale request for Schroeder's entire personnel file is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

3.      Hopkins' complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and "evaluations" are not defined. In addition, while certain categories of documents, such as performance evaluations, employee discipline or termination records, related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations by Hopkins, could be relevant, a wholesale request for Hopkins' entire personnel file is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

4.      All performance reviews, evaluations, or assessments of Plaintiff.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "evaluations" and "assessments" are not defined.

5.      All written or electronic warnings, complaints, or disciplinary actions concerning Plaintiff.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined.

6.      All written or electronic warnings, complaints, or disciplinary actions concerning Schroeder.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined. In addition, while warnings, complaints or discipline related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations by Schroeder, could be relevant, a wholesale request for all warnings, complaints or discipline concerning Schroeder without regard to any topical scope is overbroad, not reasonably calculated to lead to the

discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

7.      All written or electronic warnings, complaints, or disciplinary actions concerning Hopkins.

**OBJECTION:**      Metro objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined. In addition, while warnings, complaints or discipline related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations by Hopkins, could be relevant, a wholesale request for all warnings, complaints or discipline concerning Hopkins without regard to any topical scope is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

8.      All communications between Defendants and Plaintiff regarding Plaintiff's medical condition, disability, leave, or requests for accommodation.

**OBJECTION:**      Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition, in that it seeks communications regarding any and all leave throughout the duration of Plaintiff's employment.  It is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue.

9.      All internal communications among Defendants' officers, employees, or agents relating to Plaintiff's medical condition, leave, performance, or termination.

**OBJECTION:**      Metro objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition, in that it seeks communications regarding any and all leave throughout the duration of Plaintiff's employment, as well as all communications regarding his performance (see Objection to Request No. 15).  It is also vague and ambiguous in that it does not identify the supposed "medical condition" at issue.

10.     Any Email message sent by or received by Defendants or their agents where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between the commencement of Plaintiff's employment, and July 31, 2024.

**OBJECTION:**     Metro objects to this Request as a request for every communication that merely mentions Plaintiff, with no topical scope, and for the entire duration of Plaintiff's employment is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

14.     Any email sent by or received by Schroeder discussing Plaintiff's absence between May 1, 2024, and July 31, 2024.

**OBJECTION:**     Metro objects to this Request as vague, ambiguous and overbroad as the phrase "Plaintiff's absence" is not defined.

15.     Any email sent by or received by Metro One discussing Plaintiff's work performance for the duration of his employment.

**OBJECTION:**     Metro objects to this Request as vague and ambiguous as the phrase "work performance" is not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case in that all communications about Plaintiff's work performance arguably includes every communication to or about Plaintiff.  Moreover, Plaintiff was not terminated for poor work performance and thus the burden involved with searching for and producing every communication about his work outweighs any minimal probative value.

16.     Any text message sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, for the duration of Plaintiff's employment.

**OBJECTION:**     Metro objects to this Request as a request for every communication to or from Schroeder that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

17.     Any text message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, for the duration of Plaintiff's employment.

**OBJECTION:**     Metro objects to this Request as a request for every communication to or from Hopkins that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

18.     Any WhatsApp message sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**     Metro objects to this Request as a request for every WhatsApp message to or from Schroeder that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

19.     Any WhatsApp message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**     Metro objects to this Request as a request for every WhatsApp message to or from Hopkins that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

20.     Any social media messages, including but not limited to Facebook, or any other social media messaging app, sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**    Metro objects to this Request as a request for every social media message to or from Schroeder that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

21.    Any social media messages, including but not limited to Facebook, or any other social media messaging app, sent by or received by Schroeder where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between June 1, 2024, and July 31, 2024.

**OBJECTION:**    Metro objects to this Request as a request for every social media message to or from Schroeder that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

22.    All notes, memoranda, text messages, or recordings of conversations with Plaintiff concerning his employment, medical condition, leave, or termination.

**OBJECTION:**    Metro objects to this Request as vague and ambiguous in that the terms "medical condition" and "leave" are not defined.  To the extent it seeks documents concerning conversations with Plaintiff concerning employment, with no other topical scope, it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

23.    All documents reflecting Defendants' policies, procedures, or handbooks regarding employee medical leave, disability accommodations, discrimination, retaliation, and termination.

**OBJECTION:**    To the extent this Request seeks documents that merely "reflect" certain policies or procedures, it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

27.    All documents supporting or relating to Defendants' affirmative defenses set forth in their Answer.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE SANCHEZ,

              Plaintiff,

       -against-

METRO ONE LOSS PREVENTION
SERVICES GROUP (GUARD DIVISION
NY), INC., SAMUEL HOPKINS, and SCOTT
SCHROEDER,

              Defendants.

Case No: 7:25-cv-06474-PMH

**HOPKINS' SUPPLEMENTAL OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Defendant Samuel Hopkins ("Hopkins") hereby supplements his objections to Plaintiff Jose Sanchez's ("Plaintiff") First Request for the Production of Documents.

## DOCUMENT REQUESTS

1.    Hopkins' complete personnel file, including applications, hiring documents, payroll records, benefits information, disciplinary records, evaluations, and termination documents.

**OBJECTION:**    Hopkins objects to this Request as vague and ambiguous as the terms "benefits information," "disciplinary records" and "evaluations" are not defined. In addition, while certain categories of documents, such as performance evaluations, employee discipline or termination records, related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations by Hopkins, could be relevant, a wholesale request for Hopkins' entire personnel file is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

2.    All performance reviews, evaluations, or assessments of Hopkins.

**OBJECTION:**    Hopkins objects to this Request as vague and ambiguous as the terms "evaluations" and "assessments" are not defined. In addition, while any such reviews, evaluations or assessments, related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations by Hopkins, could be relevant, a wholesale request for all

reviews, evaluations or assessments of Hopkins without regard to any topical scope is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

3.	All written or electronic warnings, complaints, or disciplinary actions concerning Hopkins.

**OBJECTION:**	Hopkins objects to this Request as vague and ambiguous as the terms "warnings," "complaints" and "disciplinary action" are not defined. In addition, while warnings, complaints or discipline related to discrimination, harassment, retaliation, denial of medical leave or reasonable accommodations by Hopkins, could be relevant, a wholesale request for all warnings, complaints or discipline concerning Hopkins without regard to any topical scope is overbroad, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

4.	All communications between Hopkins and Plaintiff regarding Plaintiff's medical condition, disability, leave, or accommodation requests.

**OBJECTION:**	Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition, in that it seeks communications regarding any and all leave throughout the duration of Plaintiff's employment.  It is also vague and ambiguous in that it does not identify the supposed "disability" or "medical condition" at issue.

5.	All internal communications between Defendants' officers, employees, or agents and Hopkins relating to Plaintiff's medical condition, leave, performance, or termination.

**OBJECTION:**	Hopkins objects to this Request as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition, in that it seeks communications regarding any and all leave throughout the duration of Plaintiff's employment, as well as all communications regarding his performance (see Objection to Request No. 8).  It is also vague and ambiguous in that it does not identify the supposed "medical condition" at issue.

6.      Any Email message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between the commencement of Plaintiff's employment, and July 31, 2024.

**OBJECTION:**      Hopkins objects to this Request as a request for every communication that merely mentions Plaintiff, with no topical scope, and for the entire duration of Plaintiff's employment is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

7.      Any email sent by or received by Hopkins discussing Plaintiff's absence between May 1, 2024, and July 31, 2024.

**OBJECTION:**      Hopkins objects to this Request as vague, ambiguous and overbroad as the phrase "Plaintiff's absence" is not defined.

8.      Any email sent by or received by Hopkins discussing Plaintiff's work performance for the duration of his employment.

**OBJECTION:**      Hopkins objects to this Request as vague and ambiguous as the phrase "work performance" is not defined. This Request is also overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case in that all communications about Plaintiff's work performance arguably includes every communication between the two. Moreover, Plaintiff was not terminated for poor work performance and thus the burden involved with searching for every communication about his work outweighs any minimal probative value.

9.      Any text message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between May 1, 2024, and July 31, 2024.

**OBJECTION:**      Hopkins objects to this Request as a request for every communication to or from Hopkins that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

10.    Any WhatsApp message sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between May 1, 2024, and July 31, 2024.

**OBJECTION:**    Hopkins objects to this Request as a request for every WhatsApp message to or from Hopkins that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

11.    Any social media messages, including but not limited to Facebook, or any other social media messaging app, sent by or received by Hopkins where Plaintiff is referred to either in the subject or body of the message, either by name, email address, or any other means of employee identification, between May 1, 2024, and July 31, 2024.

**OBJECTION:**    Hopkins objects to this Request as a request for every social media message to or from Hopkins that merely mentions Plaintiff, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

12.    The complete text message conversation history between Hopkins and Schroeder between May 1, 2024, and July 31, 2024.

**OBJECTION:**    Hopkins objects to this Request as a request for every text message between two people, with no topical scope, is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not proportional to the needs of the case and constitutes an impermissible fishing expedition.

Dated: New York, New York
March 13, 2026

KAUFMAN DOLOWICH LLP

*/s/ Stacey L. Pitcher*

Stacey L. Pitcher, Esq.
40 Exchange Place, 20th Floor
New York, NY 10005
Ph: (212) 485-9700
stacey.pitcher@kaufmandolowich.com
Attorney for Defendant